IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ROBERT ROWEN, et al.,

        Petitioners,

  v.

DOUGLAS H. SHULMAN, et al.,

        Defendants.

_____/

No. C 12-5831 RS

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**

      Robert Rowen and Teresa Su, styling this matter as a "petition for writ of mandamus," seek an order compelling the Internal Revenue Service ("IRS") to "comply with the Internal Revenue Code." Although the precise contours of petitioners' claims are difficult to discern, it appears they have submitted amended tax returns for certain unspecified years, which the IRS has refused to accept as timely. While there is some indication the IRS may have delayed processing and/or lost some materials previously submitted by petitioners, the gravamen of the dispute appears to involve interpretation of the law governing when returns are to be deemed timely filed. Also in dispute is petitioners' right to claim a casualty loss. Ultimately it seems to be petitioner's position that if their amended tax returns were processed and accepted as filed by the IRS, they would have a substantial refund and additional losses could be applied to offset future tax liabilities, although that claim is not plainly set out in their "petition."

Respondents move to dismiss, or in the alternative, for a more definite statement, contending, among other things, that this matter should more properly be brought as a suit for a tax refund against the government, rather than as a mandamus petition against individual government employees.[1] Respondents point out that contrary to petitioners' apparent belief, jurisdiction to hear such disputes does lie in this court, rendering relief by way of mandamus unnecessary and improper. Respondents also argue that, however characterized, the pleading does not set forth facts sufficient to show a basis for relief. In particular, the pleading is unclear as to what tax years petitioners contend are at issue, and the amounts of refunds they may believe they are entitled to receive for such years. Petitioners' allegations as to the basis on which they contend they are entitled to claim a theft loss are also conclusory and uncertain. Finally, and most substantively, respondents argue that none of petitioners' apparent claims implicate a failure by IRS officials to carry out purely "ministerial" duties, such that mandamus would be an appropriate remedy.

Petitioners contend that this matter is appropriately brought as a mandamus petition, and that they have adequately stated a basis for such relief. Petitioners' briefing, however, only underscores that their fundamental dispute with the IRS involves disagreements about how the law is to be interpreted and applied, not a failure to perform purely ministerial duties. Furthermore, petitioners have not shown that the pleading contains sufficient facts as to the tax years in dispute and the basis for relief to state a claim, regardless of whether the action is characterized as a refund suit or a mandamus petition.[2]

Accordingly, the motion to dismiss is granted, with leave to amend. While petitioners will not be barred from continuing to pursue their claims under the rubric of a mandamus petition, they are strongly encouraged to give careful consideration to whether the relief they seek may be more

---

[1] Petitioners complain that the motion identifies the issue as being "[w]hether this Court should order Petitioners to file a Motion for More Definite Statement." It is plain, however, that despite this obvious error, petitioners understood that the motion sought dismissal of the petition or an order requiring them to file a more definite statement.

[2] Petitioners sought leave to supplement their initial opposition. That request is granted, and the materials they filed on April 24, 2013 have been reviewed. Those matters, however, do not alter the conclusion that the pleading at issue is presently insufficient to state a cognizable claim, either in mandamus or as an ordinary civil suit.

appropriately presented in an ordinary civil action against the government.  Any amended pleading shall be filed no later than July 31, 2013.[3]

IT IS SO ORDERED.

Dated: 6/19/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] On May 31, 2013, without leave of court, petitioners filed an additional "petition," docketed as a motion, complaining of certain events alleged to have taken place after they initiated this litigation. No action will be taken on that procedurally improper "petition."

3