UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROWEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DOUGLAS H. SHULMAN, et al.,<br><br>    Defendants. | Case No. 12-cv-05831-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Robert Rowen and Teresa Su initiated this matter as a "petition for writ of mandamus," seeking an order compelling the Internal Revenue Service ("IRS") to "comply with the Internal Revenue Code." Although the outer boundaries of petitioners' claims are less than clear, the gravamen of their complaint is that the IRS allegedly has refused to accept and process as timely certain amended tax returns they have submitted. Also in dispute is petitioners' right to claim a casualty loss. Ultimately it seems to be petitioners' position that if their amended tax returns were processed and accepted as filed by the IRS, they would have a substantial refund and additional losses that could be applied to offset subsequent tax liabilities. In subsequent filings, petitioners complain that the IRS is engaged in wrongful collection activities against them, as a result of the failure to process the amended returns.

By prior order, the original petition for mandamus was dismissed, on grounds that the allegations, and the arguments presented by petitioners in opposition to dismissal, demonstrated that their fundamental dispute with the IRS involves disagreements about how the law is to be interpreted and applied, not a failure to perform purely ministerial duties. Petitioners were granted leave to amend. While they were not precluded from continuing to seek relief by way of

mandamus, they were encouraged to give careful consideration to whether the relief they seek would be more appropriately presented in an ordinary civil action against the government.

In their amended pleading[1] and subsequent briefing, petitioners have elected to continue seeking solely a mandamus remedy. Petitioners have also filed three separate "motions to expand the record," each of which includes additional arguments and exhibits that petitioners seek to have considered. Those motions are granted, and the additional material has been considered.

Nothing in the amended petition or the additional material, however, addresses or cures the previously identified deficiency that the relief sought cannot properly be characterized as a ministerial act. Petitioners steadfastly deny that they intend to pursue this matter as a refund suit or other ordinary complaint. Accordingly, defendants' motion to dismiss must be granted, and there is no basis for providing further leave to amend.

**IT IS SO ORDERED**.

Dated: 9/30/14

RICHARD SEEBORG
United States District Judge

---

[1] Petitioner's amended petition was also presented as a motion for reconsideration. While the motion for reconsideration was denied by prior order, that pleading (Dkt. No. 43) stands as the operative petition for mandamus. See Order dated August 30, 2013 (Dkt. No. 57).